IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MANUEL A. DELACRUZ, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:21-CV-9-Z-BR |
| § | |
| DIRECTOR, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Manuel A. Delacruz ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody challenging the constitutional legality or validity of his state court convictions and sentences. For the following reasons, Petitioner's habeas application should be DISMISSED with prejudice as time barred.

**I.   PROCEDURAL HISTORY**

On November 15, 2018, Petitioner pleaded guilty to five offenses of Third-Degree Felony Possession of Child Pornography out of Lipscomb County, Texas in cause numbers 1298, 1299, 1300, 1301, and 1302 styled *The State of Texas v. Manuel Aguilar De La Cruz*. (ECF 3 at 2–3; ECF 20-2). Petitioner was sentenced to ten years' imprisonment and a $1,000 fine in each case, with sentences to run consecutively. (ECF 20-2; ECF 20-5 at 6–7). Petitioner waived his right to appeal and did not appeal his convictions to the state intermediate appellate court.

On January 7, 2021, Petitioner filed a state application for writ of habeas challenging only cause number 1298, which was denied without written order on May 26, 2021. (*In re Delacruz*,

WR-92,207-01). Petitioner's instant federal habeas action was placed in the prison mailing system on January 10, 2021. (ECF 3 at 10).

## II. PETITIONER'S GROUNDS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reason(s): Petitioner claims (1) his guilty plea was involuntary and (2) he received ineffective assistance of counsel in entering the guilty plea. (ECF 3 at 6, 12–13).

## III. RESPONSIVE PLEADINGS

On April 1, 2022, Respondent filed an answer asserting Petitioner's federal habeas petition should be dismissed because (1) Petitioner failed to exhaust his state court remedies, (2) Petitioner's claims are procedurally barred from federal habeas corpus review, and (3) Petitioner's claims are time barred. (ECF 20). Petitioner did not file a reply to Respondent's Preliminary Answer.

## IV. EXHAUSTION OF STATE COURT REMEDIES

Federal statute provides:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i)    there is an absence of available State corrective process; or

    (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

(2)    An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)    . . .

>   (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c). The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted).

To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present <u>each</u> constitutional claim he wishes to assert in his federal habeas petition to the <u>highest</u>

state court in a procedurally proper manner. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). In the State of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court that has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (2019). Claims may be presented to that court on collateral review through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (2019), or on direct appeal by a petition for discretionary review.

As noted above, Petitioner challenged only one of his convictions—cause number 1298—in a <u>state</u> habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *In re Delacruz*, WR-92,207-01. Therefore, Petitioner has not afforded the highest state court the opportunity to address his claims as to cause numbers 1299, 1300, 1301, or 1302. For that reason, these claims are deficient. Accordingly, as the record now exists, the instant federal habeas petition must be dismissed for failure to exhaust as to cause numbers 1299–1302.

## V.     STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The limitations period shall run from the date on which the judgment became final unless one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies and triggers a later begin date.

A judgment becomes final upon the conclusion of direct appellate review or when the time for filing further direct appeal expires. 28 U.S.C. § 2244(d)(1)(A); *Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2002). Petitioner was sentenced on November 15, 2018. (ECF 20-2; ECF 20-5 at 6–7). Petitioner did not appeal his convictions to the state intermediate appellate court. Petitioner's judgments of conviction, therefore, became final on **December 17, 2018**, when the 30-day period to appeal his convictions to the state intermediate appellate court expired.[1] *See Roberts*, 319 F.3d at 693–95 (state conviction becomes final for limitations purposes when time for seeking further direct review expires); *see also Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (Fed. R. Civ. Proc. 6(a) applies to the computation of the limitations period.

The limitations period for Petitioner's 2018 conviction expired, then, on **December 17, 2019**. Petitioner's January 10, 2021 filing of the instant action occurred more than a year after the limitations period expired. While Petitioner submitted a state habeas action on January 7, 2021,

---

[1] This District has recognized "a split exists among federal courts in Texas over when a judgment becomes final in cases where, as here, a petitioner waives the right to appeal." *Martinez v. Dir., TDCJ-CID*, No. 5:19-CV-00011-M-BQ, 2021 WL 1649054, at *2 (N.D. Tex. Mar. 22, 2021), *adopted by* No. 5:19-CV-00011-M-BQ, 2021 WL 1626520 (N.D. Tex. Apr. 27, 2021). Even using the date most favorable to Petitioner, December 17, 2018, Petitioner's federal habeas petition is untimely.

which was denied without written order on May 26, 2021, such action does not toll the limitations period under 28 U.S.C. § 2244(d)(2) where such time frame has already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); (ECF 9-4).

## VI. EQUITABLE TOLLING

The 1-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id*. at 649. The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016). Equitable tolling can apply to the one-year limitation period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *see also Felder v. Johnson*, 204 F.3d 168, 170-71(2000). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse prompt filing. *Felder*, 204 F.3d at 171; *Fisher v. Johnson*, 174 F.3d 710, 714; *Davis*, 158 F.3d at 808-12; *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993)

(neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ); *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (a petitioner's lack of interest in challenging prior convictions was not cause to excuse a procedural default); *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992) (holding neither prisoner's pro se status nor ignorance of the law constitutes "cause" for failing to include a legal claim in his prior petition); *see also Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998) (petitioner's failure to discover the significance of the operative facts does not constitute cause).

Here, Petitioner asserts that he should not be barred by the one-year statute of limitations because he did not discover until the time of filing that his sentences were to be served concurrently. (ECF 3 at 9). Petitioner claims that he received ineffective assistance of counsel and "did not understand what he was signing." (*Id*. at 6). Petitioner claims that he "never had a clear understanding that the 10[-]year sentence[] would end up being 50 years in prison." (*Id.* at 12–13).

Nothing in the record suggests the state misled Petitioner. Further, the trial court's Findings of Fact and Conclusions of Law ("Findings") establish that Petitioner was well-admonished on the consequences of his guilty plea and the possible punishment he would receive on several occasions prior to entry of the plea. (ECF 20-8 at 3–4). The Findings establish that defense counsel communicated with Petitioner in his primary language of Spanish, both directly and through the use of an interpreter. (*Id*. at 2–4). A certified interpreter was used at the plea hearing. (Id. at 4–5). Petitioner voluntarily entered his plea of guilty in open court. (ECF 20-5 at 6–7; ECF 20-8 at 4–5). After announcement of the plea agreement, including that the sentences were to run consecutively, Petitioner acknowledged that it accurately reflected his understanding of the agreement. (ECF 20-5 at 6–7). Lastly, Petitioner signed Written Plea Admonishments for each of

the 5 charges indicating that he had been advised and understood the consequences of entering the guilty plea. (ECF 20-4).

"[D]etermination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. (*Id*.). Here, Petitioner has failed rebut the trial court's findings by clear and convincing evidence.

Moreover, "[i]n order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. The record does not reflect Petitioner pursued his claims with reasonable diligence, or that extraordinary circumstances beyond his control, qualifying as "rare and exceptional" events, actions or conditions, prevented him from timely seeking post-conviction relief from his conviction.

The undersigned finds, therefore, that Petitioner has not sufficiently demonstrated that he is entitled to equitable tolling of the limitations period. *See Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998) (petitioner's failure to discover the significance of the operative facts does not constitute cause).

## VII.   FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner's 2018 felony child pornography convictions (cause numbers 1298–1302) were entered on November 15, 2018, and no direct appeal was sought. The judgments became final, therefore, on December 17, 2018.

2. The one-year period of limitations in this case began on the date on which Petitioner's judgments became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

3. Petitioner's federal habeas corpus petition was thus due on or before **December 17, 2019**, unless statutorily or equitably tolled.

4. Petitioner's January 7, 2021 filing of a state habeas action in cause number 1298 occurred 387-days after the expiration of the limitations period and

8

    had no tolling effect.

5. Petitioner has not demonstrated that he is entitled to any periods of equitable tolling.

6. The record does not reflect any unconstitutional "State action" impeded or prevented Petitioner from filing for federal habeas corpus relief.

7. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

8. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to Petitioner's convictions becoming final.

9. Petitioner's federal habeas corpus application, **filed January 10, 2021**, when it was placed in the state prison mailing system, was filed more than a year after the expiration of the statute of limitations and **is time barred** as to all five convictions.

10. Petitioner's claims challenging convictions in cause numbers 1299–1302 are unexhausted as required by 28 U.S.C. §§ 2254(b)(c) and, therefore, procedurally defaulted.

## VIII. RECOMMENDATION

For the above reasons and the reasons set forth in Respondent's Preliminary Answer filed April 1, 2022 (ECF 20), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner MANUEL A. DELACRUZ be DISMISSED with prejudice as time barred.

## IX. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 24, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

9

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).